IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| CHARLOTTE EVANS, | : |
| Plaintiff, | : |
| vs. | : Civil Action No. |
| | : **3:07-CV-11 (CDL)** |
| MICHAEL J. ASTRUE, | : |
| Commissioner of Social Security, | : |
| Defendant. | : |

**RECOMMENDATION**

The plaintiff herein filed an application for Supplemental Security Income benefits on July 16, 2003. The Social Security Administration denied the claim initially and on reconsideration, and plaintiff requested a hearing before an Administrative Law Judge, which was held on December 1, 2005. The ALJ then entered an order denying plaintiff's claim on June 19, 2006. Plaintiff sought review of that decision before the Social Security Appeals Council. On May 16, 2007, the Appeals Council affirmed the ALJ's decision, making it the final decision of the Commissioner. The plaintiff subsequently filed an appeal to this court. Jurisdiction arises under 42 U.S.C. § 405(g). All administrative remedies have been exhausted.

DISCUSSION

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if

supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Richardson v. Perales, 402 U.S. 389, 401 (1971). In reviewing the ALJ's decision for support by substantial evidence, this court may not re-weigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." Bloodsworth, 703 F.2d at 1239. "In contrast, the [Commissioners'] conclusions of law are not presumed valid....The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." Cornelius, 936 F.2d at 1145-1146.

20 C.F.R. § 404.1520 (1985) provides for a sequential evaluation process to determine whether a claimant is entitled to Social Security disability benefits. The Secretary employs the following step-by-step analysis in evaluating a claimant's disability claims: (1) whether the claimant is engaged in gainful employment; (2) whether claimant suffers from a severe impairment which has lasted or can be expected to last for a continuous period of at least twelve months; (3) whether claimant suffers from any of the impairments set forth in the listings of impairments provided in Appendix 1; (4) whether the impairments prevent claimant from returning to his previous work; and (5) whether claimant is disabled in light of age, education, and residual functional capacity. Ambers v. Heckler, 736 F.2d 1467, 1470-71 (11th Cir.1984). Should a person be determined disabled or not disabled at any stage of the above analysis, further inquiry pursuant to the analysis ceases. Accordingly, if a claimant's condition meets an

impairment set forth in the listings, the claimant is adjudged disabled without considering age, education, and work experience. 20 C.F.R. § 404.1520(d).

The ALJ concluded that plaintiff had "severe" impairment of degenerative disease of the lumbar spine, but that she retained the residual functional capacity to perform her past relevant work.

Plaintiff alleges the ALJ failed to properly consider the consultative physical evaluation by Dr. Jay Bender.

During a 2003 visit to the Medical College of Georgia, where she was then receiving chemotherapy for anal cancer, an MRI of plaintiff's back revealed "large right paramedian/right lateral disc herniation at L4-5". (R. at 138). Plaintiff testified about her symptoms at the hearing before the ALJ. She stated that she stopped working due to her severe back pain, pain that shoots down into her hips. She testified that she can only stand for 10-20 minutes, can only sit upright for 15-20 minutes, and can only lift about 10 lbs. She stated that she alternates her posture frequently throughout the day, and lies down for a few hours each day. (R. at 197-8).

At the close of the hearing, at counsel's request, the ALJ agreed to send plaintiff for a consultative evaluation. The evaluator, Dr. Jay Bender, found that plaintiff would be unable to work due to her bowel incontinence issues. Dr. Bender believed that her incontinence would limit Ms. Evans to working no more than half days, with the option to alternatively sit and stand if needed. (R. at 169).

The ALJ addressed Dr. Bender's evaluation in the hearing decision. However, the ALJ noted issues with *urinary* incontinence, not bowel incontinence. Plaintiff asserts that this mistake was an error requiring reversal.

3

The ALJ considered and weighed the consultative report from Dr. Bender (Tr. 22, 23, 169-75). The ALJ noted that Dr. Bender concluded that plaintiff should work only half a day with a sit/stand option due to urinary incontinence and otherwise had only mild postural limitations (Tr. 22). The ALJ found that given the absence of any abnormal clinical findings, either at the consultative examination or at any other time since the alleged onset date, the mild limitation on postural activities was a reasonable assessment (Tr. 22). The ALJ further found that Dr. Bender's other proposed limitations, specifically the sit/stand option and the restriction to working half a day, lacked a medical basis and were unsupported by objective evidence of an impairment relating to urinary incontinence (Tr. 22).

The Commissioner contends that the identification of urinary incontinence instead of bowel incontinence is immaterial. The Commissioner points out that the ALJ specifically found the absence of any objective evidence of a medically determinable impairment relating to any incontinence problems (Tr. 22).

The Commissioner also points out evidence in the record of plaintiff's bowel incontinence. As the ALJ discussed, plaintiff underwent treatment for cancer, and evidence of record reflects that plaintiff made a full recovery without any resulting limitations (Tr. 19, 140). The most recent physician notes from the Medical College of Georgia reflect that in October 2003 plaintiff was doing well with no evidence of recurrent tumor in spite of the fact that plaintiff reported occasional incontinence (Tr.140). In September 2003 plaintiff was asymptomatic and in no acute distress (Tr. 141). Also, her anal lesion was completely resolved (Tr. 141). In August 2003, she reported no anal discharge, diarrhea, chills, bleeding or rash, constipation, or melena (Tr. 146, 152). Plaintiff was noted to be well-developed, well nourished, and in no acute distress (Tr.

147). Plaintiff had normal active bowel sounds times four, and she made no complaints of incontinence (Tr. 146-47). On August 20, 2003, plaintiff reported no complications with external radiation therapy (XRT) other than minor pain (Tr. 157). In July 2003 plaintiff was asymptomatic upon discharge other than mild blood from her anus (Tr. 111). She denied any nausea, vomiting, diarrhea, or constipation (Tr. 111-12). An outpatient note from June 2003 reflected that plaintiff denied any tenesmus (constant feeling of the need to empty the bowel, accompanied by pain, cramping, and involuntary straining efforts) or abdominal pain (Tr. 121). She denied any urinary problems, nausea, vomiting, diarrhea, or constipation (Tr. 121). On May 19, 2003, it was noted that plaintiff had good control of her bowels (Tr. 125).

The ALJ noted that plaintiff could perform a number of household chores, including cooking, making her bed, washing dishes, dusting, using a mop, sweeping with a broom, doing laundry, maintaining her grooming and hygiene, and driving (Tr. 21, 195, 198). Plaintiff's activities provide further evidence that she was not as limited as she claimed or as opined by Dr. Bender. The ALJ also noted that no medical evidence supported her claim of incontinence, and that plaintiff herself made no mention of any incontinence problems at the hearing (Tr. 19).

A review of the record regarding any incontinency problems, whether bowel or urinary, does not support the plaintiff's claim that she was unable to work full-time. As noted by the ALJ, there is no evidence in the record that supports Dr. Bender's conclusion that plaintiff was disabled from full-time work due to incontinency, including Dr. Bender's own objective medical findings. Dr. Bender appeared to make this conclusion based upon plaintiff's verbal complaints only. (Tr. 176).

Plaintiff appears to base her position for remand upon the ALJ's apparent confusion

5

regarding urinary incontinence versus bowel incontinence.  However, a remand to have the ALJ perfect the record would serve no practical purpose, would not alter the ALJ's findings, and would be a waste of judicial and administrative resources. See Graham v. Apfel, 129 F.3d 1420, 1423 (11th Cir.1997); Ware v. Schweiker, 651 F.2d 408, 412 (5th Cir.1981); see also Ward v. Comm'r of Soc. Sec., 211 F.3d 652, 656 (1st Cir.2000) (a remand is not essential if it will amount to no more than an empty exercise"); Fisher v. Bowen, 869 F.2d 1055, 1057 (7th Cir.1989) ("No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result.").

Inasmuch as the Commissioner's final decision in this matter is  supported by substantial evidence, it is the RECOMMENDATION of the undersigned that the Commissioner's decision be **AFFIRMED**.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Clay D. Land, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 13th day of June, 2008.

                                                //S Richard L. Hodge
                                                RICHARD L. HODGE
msd                                          UNITED STATES MAGISTRATE JUDGE